PEOPLE, PLAINTIFF AND APPELLEE, *v.* FILOMENO ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the Second District Court of San Juan in a Prosecution for Violation of the Excise-Tax Law.

No. 1955.—Decided May 21, 1923.

STILLS—REGISTRATION—EXCISE-TAX.—Section 61 of the Excise-Tax Law of 1919 was not repealed by the Volstead Act. Although section 25 of the latter makes unlawful and penalizes the possession of any property which may serve for the manufacture of liquor to be used in violation of the law, it is not contrary to section 61 of the Excise-Tax Law, for the latter does not permit the use of stills for the unlawful manufacture of alcohol, but makes compulsory the registration of every kind of still, not to permit their possession by those distilling alcohol unlawfully, nor to collect a tax on them, but to keep track of them, thus aiding the prohibition of our Organic Act and the Volstead Act.

ID.—EVIDENCE.—The production in evidence of the still in a case for violation of section 61 of the Excise-Tax Law is not indispensable; but the existence of the still in the possession of the accused may be established by eye-witnesses.

The facts are stated in the opinion.

*Mr. R. Martínez Nadal* for the appellants.
*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellants were charged with and convicted of hav-

ing violated section 61 of Act No. 55 of June 15, 1919, in that they had in their possession and custody and under their control, mounted and prepared for operation, five stills or apparatuses for distilling rum without having them registered in the Treasury Department of Porto Rico. Their third ground of appeal is based on the contention that the trial court erred in overruling their motion to quash the in·formation, because section 61 of the Act, for the violation of which they were convicted, was in conflict with and therefore repealed by the Volstead Act.

They argue that alleged error by saying that the only purpose of said Act No. 55 is to provide revenue for the Treasury of Porto Rico which can impose taxes only on articles of licit trade; that the purpose of the Volstead Act is to prohibit the sale of or traffic in intoxicating beverages, with the exception of those intended for medicinal, sacramental or industrial purposes; that Act No. 55 was passed in order to harmonize the revenues of the Treasury with the provisions of the Volstead Act and for that purpose its section 2 defines what is absolute alcohol, fixing its specific gravity at a standard equal to what is known as 40 degrees Cartier, and its section 3 defines alcoholic spirits, while its section 18 prescribes the tax on absolute alcohol intended for medicinal, industrial or scientific purposes; that un·doubtedly there is in Porto Rico a tax on absolute alcohol intended for medicinal, industrial or scientific purposes and therefore a tax can not be collected on alcohol below the standard of 40 degrees Cartier or on alcohol intended for other purposes than those allowed by the law; that this unquestionable premise being thus established, it is clear that the only purpose of section 61 of the Act is to prevent anyone in Porto Rico from having stills that can produce alcohol of 40 degrees Cartier and alcohol intended for medicinal, scientific or industrial purposes, the only kinds of

alcohol in which lawful traffic is permitted by our laws; that its purpose is not to supplement the Volstead Act, but to prevent fraud against the Treasury of Porto Rico, and that, therefore, there can be no fraud against the Treasury in the possession of imperfect apparatuses that distill alcohol inferior to 40 degrees Cartier which can not be used for industrial, commercial or scientific purposes and is manufactured only with the intention of violating the federal law prohibiting the sale of intoxicating beverages; that section 61 of the Act can refer only to apparatuses that produce alcohol of 40 degrees intended for lawful uses, because it is not an auxiliary to the Volstead Act, but is merely intended to produce revenue for the Insular Treasury and punish those who defraud the Treasury and not those who sell intoxicating liquors made of inferior alcohol not subject to tax, nor was it intended to punish those who have stills that manufacture inferior alcohol for beverage purposes; that this being so, as it is not alleged in the information that the stills produce alcohol of 40 degrees and that this alcohol was intended for lawful use, for which reason it is subject to the tax, the charge that a person has in his possession an imperfect apparatus for the manufacture of intoxicating beverages does not accuse him of either a fraud against the Treasury or of having an apparatus in his possession with the intention of defrauding the Treasury of Porto Rico. In his oral argument their attorney referred to the case of *United States* v. *Yuginovich,* 256 U. S. 450, wherein it was held that the National Prohibition Act of October 28, 1919, known as the Volstead Act, tacitly repealed a previous federal law because the latter imposed a severer penality than the Volstead Act for the act penalized, and that Congress can impose taxes on intoxicating liquors notwithstanding the fact that their manufacture is prohibited and made an offense.

Section 61 of Act No. 55 does not impose any tax on stills that can distill alcohol inferior or superior to the standard fixed in section 2 as absolute alcohol for the purposes of the law, or as alcoholic spirits under section 3, but provides that every person having in his possession a still or distilling apparatus must register it in the office of the Treasurer, and imposes a penalty for its violation. It uses in general terms the words still or distilling apparatus, which is the apparatus used to extract by heat and distillation the spirit or essence of any liquid substance, thus including every kind of still whatever may be the substance distilled or to be distilled. Consequently the contention that the act refers only to stills that produce alcohol of 40 degrees Cartier is without merit, as is also the argument that the possession of imperfect apparatuses that produce alcohol of an inferior grade does not constitute an offense. The purpose of section 61 is to make a record of all stills existing in the Island in order to watch them and be able to know which of them distill alcohol subject to the tax and which distill it contrary to the section of our Organic Act of 1917 which prohibits the sale of and traffic in intoxicating beverages not intended for medicinal, sacramental, industrial or scientific purposes, thus aiding its enforcement. See the case of *People* v. *Rosaly*, 28 P. R. R. 438.

The appellants contend, however, that section 61 of the Act was repealed by the Volstead Act.

Section 61, enacted prior to the National Prohibition Act, c. 83, 41 Stat. 305, was not impliedly repealed by the Act of Congress, as the appellants maintain, for although section 25 of the Prohibition Act makes unlawful and penalizes the possession of any property which may serve for the manufacture of liquor to be used in violation of the law, it is not contrary to section 61 of our Act, inasmuch as the latter does not permit the use of stills for the unlawful

manufacture of alcohol, but, as we have said before, makes the registration of all kinds of stills compulsory, not to permit the possession of stills by those who distill alcohol unlawfully, nor to impose a tax on them, but in order to be able to watch them, thus aiding the enforcement of the prohibition clause of our Organic Act and of the Volstead Act. Besides, not only are repeals by implication not favored by the courts, but after the judgment was rendered in the case of *United States* v. *Yuginovich, supra,* the Congress of the United States declared in section 5 of the Act of November 23, 1921, c. 134, 42 Stat. 223, that all laws referring to the manufacture, traffic and taxation of intoxicating beverages that were in force when the National Prohibition Act was enacted should remain in force, except in so far as they were directly in conflict with the National Prohibition Act, and section 61 of Act No. 55 of 1919 is not directly in conflict with the said National Prohibition Act, as we have seen.

The other two grounds of appeal may be condensed into one, as follows: That the trial court erred in not requiring the stills to be put in evidence and in allowing a policeman to testify that the apparatuses seized were stills. This was not error, as we held in the case of *People* v. *Rodríguez,* 30 P. R. R. 295.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justice Hutchison concurred.

Justices Wolf and Franco Soto took no part in the decision of this case.